

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00041-CR

CHARLES LEE MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17,023

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Charles Lee Moore pled guilty to the offense of aggravated assault with a deadly weapon. Adjudication of Moore's guilt was deferred, however, and Moore was placed on community supervision for ten years.

Subsequently, the State moved to proceed to adjudication, alleging that Moore violated various terms and conditions of his deferred adjudication community supervision. Moore pled "not true" to allegations one and two in the motion to proceed with adjudication and "true" to allegations three through nine of the State's motion. The trial court found that Moore had violated seven conditions of his community supervision, revoked his community supervision, adjudicated him guilty, and sentenced him to fifteen years' imprisonment. Moore appeals from the judgment adjudicating his guilt. Moore was represented by different appointed counsel at trial and on appeal.

Moore's appellate counsel filed a brief that outlines the procedural history of the case, provides a summary of the evidence elicited during the course of the trial court proceedings, and states that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Moore on June 20, 2016, and provided Moore with a copy of the record. Counsel has also filed a motion with this Court seeking to withdraw as

counsel in this appeal. Although Moore was advised that his pro se response was due on or before July 21, 2016, Moore has neither filed a pro se response nor requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that an appeal is frivolous, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

                                        Ralph K. Burgess
                                        Justice

Date Submitted:        August 24, 2016
Date Decided:          August 25, 2016

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.